# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MD EBRAHIM CHOWDHURY,       ) <br>    4770 Taft Blvd, Apt. 322,       ) <br>    Wichita Falls, TX 76308       ) <br>                                                   ) <br>             Plaintiff       ) <br>                                                   ) <br>             v.       ) <br>                                                   ) <br> ALEJANDRO MAYORKAS, in his official       ) <br> capacity, Secretary, U.S. Department of       ) <br> Homeland Security;       ) <br> UR M. JADDOU, in her official capacity,       ) <br> Director, U.S. Citizenship and Immigration       ) <br> Services;       ) <br> TED H. KIM, in his official capacity,       ) <br> Associate Director of Refugee, Asylum and       ) <br> International Operations, U.S. Citizenship and       ) <br> Immigration Services,       ) <br>    2707 Martin Luther King Jr. Ave, SE       ) <br>    Washington, DC 20528-0485       ) <br>                                                   ) <br> MERRICK B. GARLAND, Attorney General,       ) <br> Office of Attorney General U.S. Department of       ) <br> Justice;       ) <br>    950 Pennsylvania Avenue, NW       ) <br>    Washington, DC 20530-0001       ) <br>                                                   ) <br>             Defendant(s).       ) <br> _____   ) | Civil Action No: 1:22-cv-1766 |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Brian Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: brian@jeelani-law.com.

# **INTRODUCTION**

COMES NOW, MD EBRAHIM CHOWDHURY (hereinafter "Plaintiff CHOWDHURY" or "Plaintiffs" collectively), by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought because of Defendants' failure to adjudicate Plaintiff CHOWDHURY's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. §1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for over six years and eleven months; Defendants have taken over 13 times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over six years and eleven months with the United States Citizenship and Immigration Services.

3. The United States Citizenship and Immigration Service ("USCIS") has made no requests for information or evidence from the Plaintiff.

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as all necessary and required in person interactions have already occurred and USCIS Asylum offices are fully operational at this time; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

5. Plaintiff MD EBRAHIM CHOWDHURY is a resident of Wichita Falls, Texas, in Wichita County. He properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZLA1500105260) on July 1, 2015, with the United States Citizenship and Immigration Service.

6. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

8. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

9. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

12. The Plaintiff has repeatedly requested the Defendants to take action on his Application without any resolution.

13. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with all documentation and necessary information.

14. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15. Plaintiff CHOWDHURY is a citizen of Bangladesh who properly filed his Asylum Application with USCIS on July 1, 2015 (Receipt Number: ZLA1500105260). **[Exhibit A].**

16. On July 14, 2015, Plaintiff CHOWDHURY received his biometrics appointment, for which he appeared at the designated USCIS biometrics facility within the fourteen-day period allotted by USCIS. **[Exhibit B].**

17. Plaintiff CHOWDHURY was scheduled for his initial interview on May 30, 2017, and again on September 6, 2017, thereafter USCIS informed Plaintiff CHOWDHURY that a decision would be mailed to him. **[Exhibit C and D, respectively]**.

18. Since September 6, 2017, USCIS has made no request for information from the Plaintiffs.

19. Since 2015, following the filing of the Application, and the completion of Plaintiff's biometrics and interview, Plaintiff's case remains pending, without any indication of his asylum case being adjudicated.

20. As of this date, Plaintiffs' inquiries have not amounted to any meaningful responses from USCIS. USCIS has only responded with generic statements providing that Plaintiff's case is pending background checks.

21. As of the date of this filing, Plaintiff's Application remains unadjudicated for over a period of six years and eleven months (82 months).

22. Defendant's delay and inaction is causing irreparable harm to Plaintiff as he is unable to commence his life in the U.S. without living in fear of being forced to return to Bangladesh, where he will certainly be persecuted, tortured, and/or killed.

23. As a result of Defendant's inaction, Plaintiff has incurred enormous costs and significant attorney's fees. Also, because of the Defendant's inaction, Plaintiff been deprived of the requested immigration relief as an asylee, for which Plaintiff is eligible. Furthermore, Plaintiff CHOWDHURY has lost out on numerous employment opportunities because of the Defendants' failure to adjudicate his asylum claim within a reasonable time.

## COUNT I

### VIOLATION OF THE APA

24. All prior paragraphs are re-alleged as if fully stated herein.

25. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

26. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

27. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

28. No other adequate remedy is available to Plaintiff.

29. Defendants have failed in their statutory duty to adjudicate the Application within 180 days.

30. As Plaintiff's Application has been pending for over six years and eleven months; Defendants have taken over 13 times the maximum statutory period they are given to adjudicate asylum applications.

31. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff's due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

32. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application for a period of over six years and eleven months (82 months) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

    1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Asylum Application;

    2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

    3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: June 20, 2022					Respectfully submitted,

	/s Brian Kholodovsky
**Brian Kholodovsky, Esq. (IL0111)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**brian@jeelani-law.com**
**Phone: (248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*